# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| William Postlewaite, et al. (#52421), ) | |
| ) | |
| Plaintiffs, ) | Case No. 14 C 50080 |
| ) | |
| v. ) | |
| ) | Judge Frederick J. Kapala |
| Stephenson County, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

The plaintiffs' respective motions for leave to proceed *in forma pauperis* [docket nos. 5 and 6] are granted. The court authorizes and orders correctional officials to begin making monthly deductions from each inmate's trust fund account toward payment of the filing fee in accordance with this order. **Each plaintiff must pay a separate $350.00 filing fee.** The clerk is directed to send a copy of this order to the trust fund officer at the Stephenson County Jail. However, summonses shall not issue at this time. The court summarily dismisses William Postlewaite as a co-plaintiff for failure to disclose his litigation history. Plaintiff Greene is granted thirty days in which to submit an amended complaint limited to a single, core claim. Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The clerk is directed to provide plaintiff Greene with an amended civil rights complaint form and instructions along with a copy of this order.

## STATEMENT

The plaintiffs, two detainees in the custody of the Stephenson County Sheriff, have brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiffs claims that the defendants, correctional officials and health care providers at the jail, have violated the plaintiff's constitutional rights by acting with deliberate indifference to their multiple medical needs, by denying them dental care, by failing to accommodate their disabilities, by discriminating against them on account of using assistive devices, by denying them due process in disciplinary proceedings as well as in connection with administrative placement decisions, by impeding their access to the courts, by acting with deliberate indifference to their health and safety in permitting inmates to enter the general population without first testing them for tuberculosis, by charging unconscionable rates for telephones and other services, by providing inmates with a diet that is excessively soy-based, by subjecting them to overall inhumane conditions of confinement, and by failing to protect them from attacks at the hands of fellow prisoners.

The plaintiffs' respective motions for leave to proceed *in forma pauperis* are granted. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff William Postlewaite (#52421) is assessed an initial

partial filing fee of $1.00, and plaintiff Timothy Greene (#88746) is assessed an initial partial filing fee of $3.13. The trust fund officer at the plaintiffs' current place of incarceration is authorized and ordered to collect the partial filing fee from each plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, each plaintiff's trust fund officer is directed to collect monthly payments from that plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow each plaintiff wherever he may be transferred. The trust fund officer is advised that **each co-plaintiff is obligated to pay a full, separate statutory filing fee**. *See Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004).

However, summonses shall not issue at this time. The court summarily dismisses William Postlewaite as a co-plaintiff in light of Mr. Postlewaite's failure to disclose his prior litigation; Mr. Greene must submit an amended complaint.

Mr. Postlewaite's dismissal as a co-plaintiff is warranted because he effectively perpetrated a fraud upon the court. The complaint form the plaintiffs used specifically instructed them to "list ALL law suits you ... have filed in any state or federal court in the United States." (Complaint, p. 6.) The form goes on to warn:

> IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

(*Id.*) (emphasis in original).

Despite this admonition, the plaintiffs drew a line through that section, failing to mention any of the multiple prior lawsuits Mr. Postlewaite has filed. The court additionally notes that Mr. Postlewaite incurred a "strike" under 28 U.S.C. § 1915(g) in at least one of those cases. "Fraud" on the court warrants "immediate termination of the suit." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). Furthermore, the U.S. Court of Appeals for the Seventh Circuit has affirmed dismissal for failure of an inmate plaintiff to fully disclose his litigation history. *See Hoskins v. Dart*, 633 F.3d 541, 543-44 (7th Cir. 2011); *accord, Campbell v. Clarke*, 481 F.3d 967, 969 (7th Cir. 2007) ("Plaintiffs who attempt to deceive federal judges, and evade their obligation to pay all required fees and costs, cannot expect favorable treatment....").

For the foregoing reasons, Mr. Postlewaite is summarily dismissed with prejudice as a co-plaintiff for fraud on the court/for failure to disclose his prior lawsuits.

Plaintiff Greene, in turn, must submit an amended complaint. First, Mr. Green must drop Mr. Postlewaite's claims in light of the latter's dismissal; second, the document on file contains misjoined claims and defendants. As discussed in *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007),

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George*, 507 F.3d at 607. The plaintiffs' 57-page complaint sets forth a laundry list of allegations relating to multiple aspects of their confinement. The sprawling complaint containing distinct claims against unrelated defendants cannot stand. *Id.* at 606. Plaintiff Greene must choose a single, core claim [or defendant, or discreet group of defendants] to pursue under this case number. Any other claims the plaintiff may wish to prosecute must be brought in separate lawsuits.

In sum, Mr. Postlewaite is dismissed as a co-plaintiff, and the court dismisses the complaint on file without prejudice. Plaintiff Greene is granted thirty days in which to submit an amended complaint on the court's required form in accordance with this order. The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If Mr. Greene fails to comply within thirty days, the case will be summarily dismissed, in its entirety.

Date: April 24, 2014